Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.:  1:10-cv-01693-AWI-SKO |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES. |
| vs. | |
| ELIASER MONTANEZ and GUADALUPE MONTANEZ, individually and d/b/a EL CHARRO RESTAURANT, | Date:  Wednesday, December 15, 2010 Time:  9:30 A.M. Place:  Courtroom 8 Judge:  Honorable Sheila K. Oberto |
| Defendants. | |

TO THE HONORABLE COURT, THE DEFENDANT AND TO HIS ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE that on Wednesday, December 15, 2010 at 9:30 A.M. or as

soon thereafter as this matter may be heard in Courtroom 8 of the United States District Court,

Eastern District of California, located at 2500 Tulare Street, Fresno, California 93271, Plaintiff J

& J Sports Productions, Inc., by and through counsel, will move this Court for an Order striking

Defendants' Affirmative Defenses.[1]

---

[1] Two Answers were filed on behalf of the Defendants.  (Dockets No. 7 and 8).  The Answers appear to be identical.
To the extent that there is some specific reason for the two Answers, this Motion is addressed to both Answers.

1    This Motion will be made on the grounds that Defendants' Affirmative Defenses are

2    legally insufficient under the Federal Rules of Civil Procedure and applicable precedent.

3    The Motion will be based on this Notice of Motion, the Memorandum of Points and

4    Authorities served and filed herewith, and such further oral and documentary evidence or

5    argument as may be presented at the hearing on Plaintiff's Motion.

6

7    Dated:  November 10, 2010          /s/ Thomas P. Riley
                                        **LAW OFFICES OF THOMAS P. RILEY, P.C.**
8                                       By:  Thomas P. Riley
                                        Attorneys for Plaintiff
9                                       J & J Sports Productions, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . 3

**STATEMENT OF THE ISSUE** . . . . . 3

**STATEMENT OF FACTS** . . . . . . . . 3

**ARGUMENT** . . . . . . . . . 4

I.   DEFENDANTS FAIL TO SATISFY THE LEGAL STANDARD
     NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE,
     THEREFORE, ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES
     MUST BE STRICKEN. . . . . . . . 4

A.   First Affirmative Defense (Failure To State A Claim). . . . 6

B.   Second Affirmative Defense (Complaint Is Meritless). . . . 7

C.   Third Affirmative Defense (Ratification). . . . . 7

D.   Fourth Affirmative Defense (Plaintiff's Negligence). . . . 7

E.   Fifth Affirmative Defense (Standing). . . . . 8

F.   Sixth Affirmative Defense (Negligence Of Others). . . . 8

G.   Seventh Affirmative Defense (Statutes Of Limitations). . . . 9

H.   Eighth Affirmative Defense (Estoppel). . . . . 9

I.   Ninth Affirmative Defense (Plaintiff's Negligence). . . . 10

J.   Tenth Affirmative Defense (Unclean Hands). . . . . 10

K.   Eleventh Affirmative Defense (Failure To Mitigate). . . . 11

L.   Twelfth Affirmative Defense (Plaintiff's Intentional Acts). . . . 12

M.   Thirteenth Affirmative Defense (Waiver). . . . . 12

N.   Fourteenth Affirmative Defense (Damages Unconscionable). . . . 12

II.  PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES
     ARE NOT STRICKEN. . . . . . . . 13

-i-

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
MEMORANDUM OF POINTS AND AUTHORITIES

III.   PLAINTIFF IS ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927
       AS A RESULT OF THE ACTIONS OF DEFENDANTS IN FILING
       THEIR UNFOUNDED AFFIRMATIVE DEFENSES.       .       .       .       .       13

**CONCLUSION**       .       .       .       .       .       .       .       .       .       .       13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

4
Alaska Airlines v. Stephenson,
     217 F.2d 295 (9th Cir. 1954) .    .    .    .    .    .    .    .    .    11

5

6
Allen v. Wright,
     468 U.S. 737 (1984) .    .    .    .    .    .    .    .    .    8

7
Bell Atlantic Corp. v. Twombly,
     550 U.S. 544 (2007). .    .    .    .    .    .    .    .    .    4, 6

8

9
B.K.B. v. Maui Police Dept.,
     276 F.3d 1091, 1107 (9th Cir. 2002) .    .    .    .    .    .    .    13

10

11
Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York,
     278 F.Supp.2d 313 (S.D.N.Y.2003) .    .    .    .    .    .    .    13

12
CTF Development, Inc. v. Penta Hospitality, LLC,
     2009 WL 3517617 (N.D.Cal. Oct. 26, 2009) .    .    .    .    .    10

13

14
Directv, Inc. v. Webb,
     545 F.3d 837 (9th Cir. 2008) .    .    .    .    .    .    .    .    9

15

16
Directv Inc., v. Weikel,
     2005 WL 1243378 (D.N.J. Mary 25, 2005) .    .    .    .    .    .    10

17

18
EEOC v. Bay Ridge Toyota, Inc.,
     327 F.Supp.2d 167 (E.D.N.Y. 2004). .    .    .    .    .    .    13

19
EEOC v. Hibbing,
     266 F.R.D. 260 (D.Minn. 2009) .    .    .    .    .    .    .    4

20

21
Federal Deposit Ins. Corp. v. Main Hurdman,
     655 F.Supp. 259 (E.D.Cal. 1987) .    .    .    .    .    .    .    5, 7

22

23
First Ascent Ventures Inc. v. DLC Dermacare LLC,
     312 Fed. Appx. 60 (9th Cir. 2009) .    .    .    .    .    .    .    10

24
G & G Closed Circuit Events, LLC v. Duy Trong Nguyen,
     Case No. 5:10-cv-00168-LHK (Sept. 23, 2010) .    .    .    .    passim

25

26
Gomez v. Toledo,
     446 U.S. 635 (1980) .    .    .    .    .    .    .    .    .    5

27

28
HCRI TRS Acquirer, LLC v. Iwer,
     708 F.Supp.2d 687 (N.D.Ohio 2010) .    .    .    .    .    .    4

-iii-

<u>Italiani v. Metro-Goldwyn-Mayer Corp.</u>,
    45 Cal.App.2d 464 (1941) . . . . . . . . 9

<u>J & J Sports Productions, Inc. v. Enedina Soto</u>,
    2010 WL 3911467 (S.D.Cal. Sept. 28, 2010). . . . . passim

<u>Jones v. Community Redevelopment Agency</u>,
    733 F.2d 646 (9th Cir. 1984). . . . . . . . . 5

<u>Hynix Semiconductor Inc. v. Rambus Inc.</u>,
    2007 WL 40628450 (N.D.Cal. Nov. 15, 2007) . . . . 11

<u>Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.</u>,
    144 Cal.App.4th 1175 (2006) . . . . . . . . 12

<u>Pepsico, Inc. v. J.K. Distributors, Inc.</u>,
    2007 WL 2852647 (C.D.Cal. Sept. 14, 2007) . . . . . 4, 6

<u>Security People, Inc. v. Classic Woodworking, LLC</u>,
    2005 WL 645592 (N.D.Cal. March 4, 2005) . . . . . 5

<u>Solis v. Couturier</u>,
    2009 WL 2022343 (E.D.Cal., July 8, 2009) . . . . passim

<u>Teirstein v. AGA Medical Corp.</u>,
    2009 WL 704138 (E.D.Tex. March 16, 2009) . . . . 4

<u>Travelers Cas. And Sur. Co. of America v. Dunmore</u>,
    2009 WL 1586936 (E.D.Cal. June 5, 2009) . . . . . 5, 10

<u>Wyshak v. City Nat'l Bank</u>,
    607 F.2d 824 (9th Cir. 1979). . . . . . . . 5

**STATUTES AND RULES**

28 U.S.C. § 1927. . . . . . . . . . . 13

47 U.S.C. § 553. . . . . . . . . . . passim

47 U.S.C. § 605. . . . . . . . . . . passim

Fed. R. Civ. P. 8. . . . . . . . . . 4

Fed. R. Civ. P. 12. . . . . . . . . . 4, 7, 8

Cal. Bus. & Prof. Code § 17200, <u>et seq.</u>   .        .        .        .        .        .        .        .   6, 9

Cal. Code Civ. Proc. § 338   .        .        .        .        .        .        .        .        .   9

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUE

Whether any or all of the fourteen affirmative defenses contained in the Defendants'
Answer in response to Plaintiff's Complaint must be stricken.

## STATEMENT OF FACTS

Plaintiff J & J Sports Productions, Inc. (hereinafter "Plaintiff"), was granted the exclusive
nationwide commercial distribution rights to *"Number One": The Floyd Mayweather, Jr. v.
Juan Manuel Marquez Championship Fight Program,* telecast nationwide on Saturday,
September 19, 2009 (hereinafter the "Program").  Complaint ¶ 10 (Docket No. 1).  Plaintiff's
distribution rights encompassed all undercard events as well as the main event.  Id.  Pursuant to
the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing
agreements with various commercial establishments to permit the public exhibition of the
Program.  Id. at ¶ 11.  Without the authorization of Plaintiff, Defendants ELIASER
MONTANEZ and GUADALUPE MONTANEZ, individually and d/b/a EL CHARRO
RESTAURANT (hereinafter "Defendants") unlawfully intercepted and exhibited the Program at
their commercial establishment in Turlock, California (located at 942 N. Golden State
Boulevard, Turlock, California 95380).  Id. at ¶ 13.  As a result of these violations, Plaintiff
brought causes of action against Defendant for violations of 42 U.S.C. § 553, et seq. and 42
U.S.C. § 605, et seq. as well as causes of action for violations of California law.  See id.

On October 21, 2010, Defendants filed an Answer denying the allegations raised by
Plaintiff in its Complaint.  See Answer.  Along with their Answer, Defendants also set forth
fourteen affirmative defenses.  See id.  Plaintiff now brings this Motion to Strike Defendants'
affirmative defenses.

**ARGUMENT**

I.   DEFENDANTS FAIL TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES MUST BE STRICKEN.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has defined "immaterial matter" as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent matter" as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). As discussed herein, each of the fourteen affirmative defenses set forth by Defendants are insufficient and thus should be stricken.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). The Federal Rules of Civil Procedure require, "a 'showing', rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, n. 3 (2007). Although the Ninth Circuit has not yet determined whether to apply the Twombly standard to affirmative defenses, this is the developing trend in the district courts. HCRI TRS Acquirer, LLC v. Iwer, 708 F.Supp.2d 687, 690-91 (N.D.Ohio 2010); see also EEOC v. Hibbing, 266 F.R.D. 260, 267-68 (D.Minn. 2009) (which undertook a detailed analysis of the application of Twombly to affirmative defenses and concluded that a "bare assertion" is no longer sufficient); Teirstein v. AGA Medical Corp., 2009 WL 704138, *6 - *8 (E.D.Tex. March 16, 2009) (applying Twombly standard to Motion to Strike affirmative defenses). In this case, the fourteen affirmative defenses propounded by Defendants are nothing but boilerplate recitations that provide no factual support linking them to the issues herein. See Answer at 2-4. For this reason alone, Defendants' affirmative defenses should be stricken.

Next, even if the Twombly standard does not apply, the defenses are still insufficient. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Pepsico, Inc. v. J.K. Distributors, Inc., 2007 WL 2852647, *2 (C.D.Cal. Sept.

14, 2007) <u>citing Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir.1984). In this case, all of affirmative defenses are boilerplate, devoid of facts and circumstances that link them to the instant case.  <u>See Answer</u> at 2-4.

An affirmative defense is also insufficient if it does not provide the plaintiff with "fair notice" of the defense.  <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979).  While an "extensive exposition of the underlying facts" is not necessary for an affirmative defense to succeed, the Defendant must establish some connection between the defense and the case.  <u>See Security People, Inc. v. Classic Woodworking, LLC</u>, 2005 WL 645592, *2 (N.D.Cal. March 4, 2005).  Next, "[w]ith respect to substantive insufficiency, a motion to strike an affirmative defense is proper when the defense is insufficient as a matter of law."  <u>Id.</u> at *3.

Finally, several affirmative defenses should be stricken because they are not "affirmative defenses" at all.  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." <u>Federal Deposit Ins. Corp. v. Main Hurdman</u>, 655 F.Supp. 259, 262 (E.D.Cal. 1987), <u>citing Gomez v. Toledo</u>, 446 U.S. 635, 640-41 (1980).  "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."  <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, 2010 WL 3749284, *2 (N.D.Cal. Sept. 23, 2010).  In <u>J & J Sports Productions, Inc. v. Enedina Soto</u>, 2010 WL 3911467 at *1 (S.D.Cal. Sept. 28, 2010), the district court struck several affirmative defenses that merely denied an element of plaintiff's prima facie case without leave to amend.  In this regard, affirmative defenses 3, 4, 6, and 8 are immaterial and redundant, and should be stricken.

In <u>Nguyen</u>, <u>supra</u>, the Honorable Lucy H. Koh of the Northern District of California ruled upon a substantially similar motion and held that all but one of Defendants' thirty-one affirmative defenses should be stricken (the one defense not stricken was a broad Commerce Clause defense not implicated herein).  Similarly, in <u>Soto</u>, <u>supra</u>, the Honorable Larry Allen Burns of the Southern District of California struck all of Defendants' affirmative defense, many without leave to amend.  Of those defenses for which leave to amend was granted, the <u>Soto</u> Court cautioned that, "any amended answer must put forth sufficient legal defenses supported by

1    specific factual allegations. Defendants' current pleadings fail to place [Plaintiff] on notice about

2    the affirmative defenses at issue and Defendants should not waste the Court's or Plaintiff's time

3    responding to further bare-bones allegations." Soto, 2010 WL 3911467 at *2.

4    A.    First Affirmative Defense (Failure To State A Claim).

5         Defendants' first affirmative defense is that, "the Complaint, and each and every cause of

6    action contained therein, fails to state facts sufficient to constitute a cause of action . . . against

7    the Defendants." Answer at 2. Rule 8 of the Federal Rules of Civil Procedure "contemplates the

8    statement of circumstances, occurrences, and events in support of the claim presented and does

9    not authorize a pleader's bare averment that he wants relief and is entitled to it." Twombly, 550

10   U.S. at 555 (internal citations/quotations omitted).  To that end, Plaintiff's Complaint

11   specifically references the applicable statutes, along with detailing Defendants' violations

12   thereof, which is in keeping with Twombly. See Complaint at 3-5 (¶¶ 9-18) (details how

13   Defendants violated Title 47 U.S.C. § 605); Complaint at 5-6 (¶¶ 19-23) (details how Defendants

14   violated Title 47 U.S.C. § 553); Complaint at 6-7 (¶¶ 24-27) (details Defendants' act of

15   Conversion); Complaint at 7-8 (¶¶ 28-37) (details Defendants' violations of section 17200 of the

16   California Business and Professions Code).

17        With requisite specificity, Plaintiff has spelled out the applicable laws and Defendants'

18   particular violations thereof.  As a result, Plaintiff's Complaint adequately states facts sufficient

19   to constitute all causes of action, and Defendant cannot assert the affirmative defense of

20   Plaintiff's failure to set forth facts sufficient to constitute a cause of action.  In addition, as noted

21   in Pepsico, Inc., 2007 WL 2852647 at *2, a legal conclusion or theory without supporting facts

22   linking that theory to the case at bar "*will not withstand a motion to strike*" (emphasis added).

23   Defendants' first affirmative defense makes no effort to provide supporting facts linking the

24   defense to any of the causes of action in Plaintiff's Complaint.[2]

25        Finally, both Nguyen and Soto struck a similar defense as being merely a denial of

26

27   _____

28   [2] Indeed, each affirmative defense fails for this reason.

1   Plaintiff's cause of action.  <u>Nguyen</u>, 2010 WL 3749284 at *5; <u>Soto</u>, 2010 WL 3911467 at *1.

2   Therefore, for both substantive and procedural reasons, Defendants' first affirmative defense

3   should be stricken.

4   B.      <u>Second Affirmative Defense (Complaint Is Meritless).</u>

5          Defendants' second affirmative defense is that, "the Complaint and the causes of action

6   contained therein are meritless." <u>Answer</u> at 2.  This is not an affirmative defense, but a denial of

7   liability on behalf of Defendants, and therefore it should be stricken.   <u>Nguyen</u>, 2010 WL 3749284

8   at *2; <u>See</u> <u>Solis v. Couturier</u>, 2009 WL 2022343, *3 (E.D.Cal. July 8, 2009) (this defense is

9   merely a restatement of [Defendant's] denial of liability, or an assertion that the [plaintiff]

10  cannot prove the elements of their claim.  Therefore, [it] should be stricken.").

11  C.      <u>Third Affirmative Defense (Ratification).</u>

12         Defendants' third affirmative defense is that "Plaintiff's ratified the conduct and actions

13  of the Defendants."  <u>Answer</u> at 2. "Ratification is a legal doctrine which operates to validate an

14  otherwise voidable contract."  <u>Solis v. Couturier</u>, 2009 WL 2022343 at *2.  Here, Defendants

15  have not alleged the existence of a contract between Plaintiff and Defendants, and, moreover,

16  there is none.  In this regard, this affirmative defense must be stricken as immaterial and

17  impertinent.  Fed. R. Civ. P. 12(f).

18         Next, an affirmative defense presumes that the allegations are true.   <u>Federal Deposit Ins.</u>

19  <u>Corp.</u>, 655 F.Supp. at 262 (emphasis added) ("[a]ffirmative defenses plead matters extraneous to

20  the plaintiff's prima facie case, which deny plaintiff's right to recover, *even if the allegations of*

21  *the complaint are true.*").  Plaintiff alleges that the actions of Defendants were not approved or

22  authorized.  <u>Complaint</u> at ¶ 13.  There is no conceivable way to interpret the Complaint as allowing

23  for a ratification and thus this defense should be stricken.

24  D.      <u>Fourth Affirmative Defense (Plaintiff's Negligence).</u>

25         Defendants' fourth affirmative defense is that the negligence of Plaintiff or those

26  associated with Plaintiff caused Plaintiff's losses (if any).  <u>Answer</u> at 2. Plaintiff has not raised

27  any negligence causes of action and thus  this affirmative defense is immaterial and impertinent

28  and may be stricken because there is no set of facts under which this defense may be applicable

1  herein.  See Fed.R.Civ.P. 12(f).   See Soto, 2010 WL 3911467 at *2 (striking similar defense

2  without leave to amend).   Moreover, this is not an "affirmative defense", but merely a denial of

3  an element of Plaintiff's cause of action.  Nguyen, 2010 WL 3749284 at *2; See Solis v.

4  Couturier, 2009 WL 2022343 at *3.  For these reasons, Defendants' fourth affirmative defense

5  should be stricken.

6  E.    Fifth Affirmative Defense (Standing).

7         Defendants' fifth affirmative defense is that, "Plaintiff is not a person protected by any of

8  the statutory violations alleged in the Complaint."  Answer at 3.  In effect, Defendants argue that

9  Plaintiff lacks standing to bring its federal causes of action.

10         "[T]the standing inquiry requires careful judicial examination of a complaint's allegations

11  to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims

12  asserted."  Allen v. Wright, 468 U.S. 737, 752 (1984).  As noted in subsection A, supra,

13  Plaintiff's Complaints details each of its claims; included within the Complaint is an explanation

14  as to how Plaintiff is entitled to recover.

15         As stated, Plaintiff, by contract, "paid for and was thereafter granted the exclusive

16  nationwide commercial distribution rights" to the Program.  Complaint at ¶ 10.  Plaintiff alone

17  granted entities limited sublicensing rights of public exhibition.  Id.  Id. at ¶ 11.  Defendants

18  were not sub-licensees, yet Defendants disseminated the Program at their commercial

19  establishment for "indirect commercial advantage or private financial gain," id. at ¶ 13, to the

20  financial detriment of the distributor Plaintiff.  Plaintiff is specifically the type of person / entity

21  designed to be protected by 47 U.S.C. §§ 553(c) and 605(e) (the civil liability provisions of the

22  respective federal statutes).  In fact, Plaintiff is not just a party that has standing, Plaintiff is the

23  party with standing to assert the claims set forth in the Complaint.  As a result, this affirmative

24  defense must be stricken.  Nguyen, 2010 WL 3749284 at *4 (rejecting standing defense).

25  F.    Sixth Affirmative Defense (Negligence Of Others).

26         Defendants' sixth affirmative defense is attributes negligence to parties other than the

27  Defendants.  Answer at 3.  For the reasons set forth in subsection D, supra, this defense should

28  be stricken.

G.       Seventh Affirmative Defense (Statutes Of Limitations).

Defendants' seventh affirmative defense is that "the Complaint, and each and every cause of action contained therein, is barred by the applicable statutes of limitation."  Answer at 3. Notwithstanding the procedural deficiencies, this defense must fail because it cannot succeed on the merits and thus is legally insufficient.  The statute of limitations for 47 U.S.C. §§ 553 and 605 claims is one year.  DirecTv, Inc. v. Webb, 545 F.3d 837, 847-48 (9th Cir. 2008).  The statute of limitations for conversion is three years.  See Cal. Code Civ. Proc. § 338(c) (setting statute for conversion at three years).[3]  The statute of limitations for a section 17200 claim is four years.  Cal. Bus. & Prof. Code § 17208.  As noted in the Statement of Facts, supra, the Program was broadcast on September 19, 2009.  Plaintiff filed its Complaint on September 16, 2010, see Complaint, which is within each applicable statute of limitations.   Under no set of circumstances can Defendant's affirmative defense of the statute of limitations succeed, and therefore it must be stricken.  See J & J Sports v. Soto, 2010 WL 3911467 at *1 (striking statute of limitations defense without leave to amend).

H.       Eighth Affirmative Defense (Estoppel).

Defendants' eighth affirmative defense is that, "Plaintiff is estopped from pursuing the claims stated in the Complaint."  Answer at 3.  This is no more than a bare-bones reference to a legal doctrine.  As such, this defense is insufficient in that it does not provide fair notice.  See Nguyen, 2010 WL 3749284 at *2 (reference to a bare statement of a legal doctrine is insufficient notice).

Next, notwithstanding the procedural deficiency, this defense fails as a matter of law.  To establish a defense of estoppel, "a party [here, Defendants] must show that the adverse party [here, Plaintiff], either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its]

---

[3] Although not specifically applied to this type of conversion, in Italiani v. Metro-Goldwyn-Mayer Corp., 45 Cal.App.2d 464, 467 (1941), the court applied a two year statute of limitations to "incorporeal" property rights.  As discussed infra, because the Complaint was filed within one year of the broadcast of the Program, whether the statute of limitations for conversion is two or three years, Plaintiff's Complaint is timely.

position to [its] detriment." <u>Directv Inc., v. Weikel</u>, 2005 WL 1243378, *3 (D.N.J. Mary 25, 2005).  Defendants have not alleged any "conduct" on behalf of the Plaintiff that in any way induced a change in Defendants' position, or that any change in position induced by the Plaintiff was to the Defendants' detriment.  As such, this affirmative defense should be stricken as legally insufficient.  <u>Id.</u>; <u>see also</u> <u>Solis</u>, 2009 WL 2022343 at *6 (Defendants did not allege any facts that would support an estoppel defense, but rather merely pleaded a legal conclusion).

I.      <u>Ninth Affirmative Defense (Plaintiff's Negligence).</u>

        Defendants' ninth affirmative defense is that with respect "to each and every cause of action . . . Plaintiff was negligent."  <u>Answer</u> at 9.  Defendants offer no reason why, even assuming *arguendo* that Plaintiff was negligent, this amounts to an affirmative defense.  In this regard, Defendants do not provide Plaintiff fair notice.  <u>See</u> <u>Wyshak</u>, 607 F.2d at 827.  Moreover, as noted in subsection D, <u>supra</u>, negligence doctrines are inapplicable to these causes of action.   For these reasons, Defendants' ninth affirmative defense should be stricken.

J.      <u>Tenth Affirmative Defense (Unclean Hands).</u>

        Defendants' tenth affirmative defense is that, "the Complaint, and each and every cause of action contained therein, is barred by the doctrine of unclean hands."  <u>Answer</u> at 4.  As with the estoppel defense, reference to a "legal doctrine" without more does not provide fair notice. <u>Nguyen</u>, 2010 WL 3749284 at *2; <u>see also</u> <u>CTF Development Inc. v. Penta Hospitality, LLC</u>, 2009 WL 3517617, *7 (N.D.Cal. Oct. 26, 2009) ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands'").

        "The doctrine of unclean hands closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief."  <u>First Ascent Ventures Inc. v. DLC Dermacare LLC</u>, 312 Fed. Appx. 60, 61 (9th Cir. 2009) (internal citations/quotations omitted).  "In order to apply the doctrine of unclean hands, the equity court must determine, based on its review of the facts, that the plaintiff's conduct was inequitable or unconscionable, and that the plaintiff's conduct related to the very activity that is the basis of his claim."  <u>Id.</u> (internal citations/quotations omitted).  For this defense to have practical application

1  it would necessarily imply that Plaintiff assisted in the unlawful dissemination of its own

2  Program.  Defendants have offered no evidence in support of this and, moreover, such an

3  allegation is nonsensical.

4  K.      Eleventh Affirmative Defense (Failure To Mitigate).

5          Defendants' eleventh affirmative defense is that "the damages alleged by Plaintiff were

6  not properly mitigated by Plaintiff." Answer at 4.  This affirmative defense is insufficient on its

7  face.  Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 4062845, *10 (N.D.Cal. Nov. 15,

8  2007) (striking "bare bones pleading" that party "failed to mitigate [their] damages" because it

9  did not provide fair notice).  Moreover, this doctrine has no legal significance in this case and

10  thus should be stricken as legally insufficient.  Soto, 2010 WL 3911467 at *2 ("[Plaintiff] had no

11  duty to mitigate damages allegedly caused by Defendant's unlicensed showing of a boxing

12  match);  Nguyen, 2010 WL 3749284 at *5 (in Complaint alleging the same causes of action, the

13  court held that "[m]itigation of damages is [] inapplicable to the types of claims asserted by

14  Plaintiff.").

15          Notwithstanding the procedural deficiencies, this defense also fails as a matter of law.

16  "Typically, the duty to mitigate arises when the injured party has an opportunity to prevent

17  continuation or enhancement of the injury."  Travelers Cas. And Sur. Co. of America v.

18  Dunmore, 2009 WL 1586936, *7 (E.D.Cal. June 5, 2009).  The burden of proof on this issue lies

19  with the defendant.  See generally Alaska Airlines v. Stephenson, 217 F.2d 295, 299 (9th Cir.

20  1954).  Plaintiff cannot reasonably be expected to mitigate against Defendants' unlawful

21  interception and distribution of the instant Program prior to the fact.  Once Plaintiff became

22  aware of Defendants' unlawful activity, Plaintiff timely responded with its Complaint.

23  Furthermore, Defendants have the burden of providing the Court with proof that Plaintiff could

24  have and should have anticipated that Defendants would unlawfully disseminate the Program

25  and somehow stop Defendants from doing so.  It is reasonable to assume that Defendants will

26  not provide proof that they intended to break the law.

27

28

L.      Twelfth Affirmative Defense (Plaintiff's Intentional Acts).

Defendants' twelfth affirmative defense is that Plaintiff's claims are damages because Plaintiff's damages, if any, "were actually and proximately caused and contributed to by the intentional acts and omissions of Plaintiff."  Answer at 4.  This is not an "affirmative defense", but a denial of Plaintiff's right to recover.  See Solis v. Couturier, 2009 WL 2022343 at *3.  Moreover, Defendants provide no indication as to what these purported "intentional acts or omissions" were or, for that matter, any legal reason why such acts would bar Plaintiff from recovery.  See Answer at 4.  In this regard, Defendants do not provide Plaintiff with fair notice of the defense.

M.      Thirteenth Affirmative Defense (Waiver).

Defendants' thirteenth affirmative defense is that "Plaintiff waived any claims stated herein."  Answer at 4.  This bare-bones reference to a legal doctrine fails to provide Plaintiff with fair notice.  Nguyen, 2010 WL 3749284 at *3.  Moreover, this doctrine fails as a matter of law:

> Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of one party only . . . . Thus, the *pivotal* issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right.

Oakland Raiders v. Oakland-Alameda County Coliseum, Inc., 144 Cal.App.4th 1175, 1189-90 (2006) (internal citations/quotations omitted).  There has been no allegation by Defendants that Plaintiff was aware that Defendants intended to intercept the Program, therefore, it would have been impossible for Plaintiff to have the "full knowledge" necessary to support a waiver defense.  Defendants have provided no information whatsoever in support of his contention that Plaintiff was aware of Defendants' intentions to broadcast Plaintiff's Program.  Without this prerequisite, it cannot be seriously argued that Plaintiff acquiesced in Defendants' conduct.

N.      Fourteenth Affirmative Defense (Damages Unconscionable).

Defendants' fourteenth affirmative defense is that "any amounts allegedly owed are excessive and unconscionable for the purpose for which the amounts are stated to be owed."  Answer at 4.  This is not an "affirmative defense", but a denial of Plaintiff's right to recover.

See Solis v. Couturier, 2009 WL 2022343 at *3.  Moreover, as a practical matter, the only specific amounts sought by Plaintiff are those that are specifically authorized by the United States Congress.  See 47 U.S.C. § 553(c); 47 U.S.C. § 553(e).  Defendants' argument regarding the unconscionability of available damages, if any, is with their legislators, not with Plaintiff.

II.     PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES ARE NOT STRICKEN.

"The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome."  Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F.Supp.2d 313, 325 (S.D.N.Y.2003); see also EEOC v. Bay Ridge Toyota, Inc., 327 F.Supp.2d 167, 173 (E.D.N.Y. 2004) (permitting affirmative defenses that have no possibility of succeeding will prejudice the Plaintiff by "needlessly lengthening and complicating the discovery process and trial of this matter.").   In this case, Plaintiff has already been compelled to expend time and resources litigating irrelevant issues.  It is respectfully submitted that requiring such further litigation would further prejudice Plaintiff.

III.    PLAINTIFF IS ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927 AS A RESULT OF THE ACTIONS OF DEFENDANTS IN FILING THEIR UNFOUNDED AFFIRMATIVE DEFENSES.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002).  As a result of Defendants unmeritorious filing of wholly inappropriate, immaterial and impertinent affirmative defenses, as described in detail above, this Court may and should assess sanctions herein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Defendants' Affirmative Defenses are factually and legally insufficient under the Federal Rules of Civil Procedure as well as applicable precedent.  In that regard, each of Defendants' Affirmative Defenses should be stricken.  Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Strike Defendants' Affirmative Defenses, sanction Defendants for their inappropriate conduct, and award such other relief as may be just and proper.

Respectfully submitted,


/s/  *Thomas P. Riley*
Dated:  November 10, 2010          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

**PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On November 10, 2010, I served:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES.

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Michael S. Warda, Esq.
WARDA & YONANO, LLP
2350 W. Monte Vista Avenue
Turlock, CA 95382

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 10, 2010, at South Pasadena, California.


Dated:  November 10, 2010                          /s/ *Maria Baird*
                                                   MARIA BAIRD