# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:10-cv-01693-AWI-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |
| v. | |
| ELIASER MONTANEZ and GUADALUPE MONTANEZ, individually and dba EL CHARRO RESTAURANT, | (Docket No. 9) |
| Defendants. | |

## I. BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") owns exclusive commercial distribution rights to *"Number One: The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program"* (the "Program"). (Complaint ("Compl.") ¶ 10.) On September 16, 2010, Plaintiff filed this action against defendants Eliaser Montanez and Guadalupe Montanez individually and dba El Charro Restaurant ("Defendants"), alleging that Defendants unlawfully intercepted or displayed the Program at their commercial establishment in Turlock, California. (Compl. ¶ 13.)

The complaint alleges violations of the Communications Act of 1934, 47 U.S.C. § 605; the Cable & Television Protection and Competition Act of 1992, 47 U.S.C. § 553; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 *et seq*., as well as a cause of

action for conversion. (*See* Compl. ¶¶ 18, 20, 25.)

On October 21, 2010, Defendants Eliaser Montanez and Guadalupe Montanez each filed identical answers to the complaint asserting fourteen affirmative defenses. (Docs. 7, 8.) On November 11, 2010, Plaintiff filed a Motion to Strike the Affirmative Defenses pled in both answers.[1] (Doc. 9.) Plaintiff also requests that the Court sanction Defendants under 28 U.S.C. § 1927 for filing inappropriate and irrelevant affirmative defenses. Defendants have filed no opposition to Plaintiff's motion.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

---

[1] The affirmative defenses pled in each answer are identical, and the Court will address them together.

**B.     Analysis**

    **1.     Defenses that Do Not Qualify as Affirmative Defenses**

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, denials of the allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, at *5 (E.D. Cal. Sept. 23, 2010). Here, several defenses asserted by Defendants do not actually constitute affirmative defenses.

    **a.     First Affirmative Defense (Failure to State a Claim)**

Defendants' first affirmative defense asserts that Plaintiff fails to state a claim. Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense. *Barnes v. AT&T Pension Benefit Plan*, No. C 08-0458 MHP, 2010 WL 2507769, at *6 (N.D. Cal. June 22, 2010) (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.")). Accordingly, Defendants' first affirmative defense for failure to state a claim is STRICKEN.

    **b.     Second Affirmative Defense (Complaint Is Meritless)**

Plaintiff argues that this defense is merely a denial of Defendants' liability and is not an affirmative defense. The Court agrees. The affirmative defense that the complaint is meritless (Docs 7, 8 ¶ 2) will be STRICKEN.

    **c.     Fourteenth Affirmative Defense (Damages Unconscionable)**

Unconscionability is generally a contract defense. Under California law, "unconscionability" refers to "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982); *see also* Cal. Civ. Code § 1670.5. Here, there is no alleged contract. Therefore, the unconscionability defense is immaterial. To the extent that Defendants are

3

asserting a defense that the damages allowed under the applicable law are unconscionable, it is not an affirmative defense. Therefore, this defense will be STRICKEN.

### 2.  Defenses Insufficiently Pled

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citations omitted). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotation marks and citations omitted).

Plaintiff argues that the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and clarified in *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937 (2009), is applicable to the sufficiency of affirmative defenses. Whether *Iqbal* and *Twombly* apply to affirmative defenses has not yet been tested in the Ninth Circuit, and this Court need not reach the issue here. Even under the lower standard of *Wyshak*, the Court finds that the following defenses are insufficiently pled.

#### a.  Seventh Affirmative Defense (Statute of Limitations)

Defendants' affirmative defense that Plaintiff's claims are outside the applicable statute of limitation is insufficiently pled. The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one year. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008). The statute of limitations for conversion in California is three years. Cal. Civ. Pro. Code § 338(c). The statute of limitations for claims under the UCL is four years. Cal. Bus. & Prof. Code § 17208. Less than one year elapsed between the violations allegedly committed on September 19, 2009, and the date the complaint was filed on September 16, 2009. While at this stage of the litigation the Court cannot conclude that the claims are all definitively timely under the applicable statutes of limitations, this defense, as pled, is insufficient. There is no theory offered or facts pled giving Plaintiff notice of how, given the allegations of the complaint and the date the complaint was filed, Plaintiff's action is nonetheless outside the applicable statutes of limitations. Therefore, Defendants' seventh affirmative defense that Plaintiff's claims are barred by the applicable statutes of limitations is STRICKEN.

### b. Fifth Affirmative Defense (Standing)

Defendants' fifth affirmative defense states that "Plaintiff [] is not a person protected by any of the statutory violations alleged in the Complaint. (Docs. 7, 8 ¶ 5.) Plaintiff argues its complaint adequately sets forth its standing, and the affirmative defense must be stricken. Plaintiff alleges that it has the exclusive distribution rights to the Program and that Defendants unlawfully intercepted and/or displayed the transmission of the Program without authorization. Plaintiff has adequately alleged its standing to pursue this lawsuit. *See Nguyen*, 2010 WL 3749284, at *4. This defense constitutes a mere conclusion of law; it is not supported by any facts showing how Plaintiff lacks standing, given the allegations in the complaint. *See J & J Sports Prods., Inc. v. Soto*, No. 10-cv-885-LAB (CAB), 2010 WL 3911467, *1 (S.D. Cal. Sept. 28, 2010). It provides no notice of any theory supporting how the defense is applicable. Therefore, this defense will be STRICKEN.

### c. Eighth Affirmative Defense (Estoppel)

Defendants' eighth affirmative defense for estoppel fails to specify which theory of estoppel is being asserted, and the allegation is wholly insufficient to provide Plaintiff with adequate notice of the facts supporting the defense. Therefore, Defendants' eight affirmative defense will be STRICKEN.

### d. Tenth Affirmative Defense (Unclean Hands) and Thirteenth Affirmative Defense (Waiver)

Defendants' tenth affirmative defense for unclean hands and thirteenth affirmative defense for waiver are vague, rendering them insufficient. These defenses are mere legal conclusions with no factual support or theory to notify Plaintiff how this defense is applicable. The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995). Waiver is an "intentional relinquishment or abandonment of a known right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Here, there is no indication anywhere in Defendants' pleadings that Plaintiff engaged in activity that might constitute reprehensible conduct or a waiver of known rights. Thus, Defendants' tenth and thirteenth affirmative defenses will be STRICKEN.

### 3. Defenses Insufficient as a Matter of Law

In their eleventh affirmative defense, Defendants assert that "the damages alleged by Plaintiff were not properly mitigated by Plaintiff." (Docs. 7, 8 ¶ 11.) The complaint, however, alleges no continuing harm. *See Valle De Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994) (duty to mitigate generally arises when the injured party has an opportunity to prevent continuation or enhancement of the injury). Rather, Plaintiff's claims arise from Defendants' alleged unauthorized showing of the Program – a discrete event. On the face of the answer, Defendants' allegation that Plaintiff failed to mitigate damages appears to be without merit, and under "no set of circumstances could the defense succeed." *Ganley*, 2007 WL 902551, at *1. Defendants' eleventh affirmative defense will, therefore, be STRICKEN.

### 4. Immaterial and Impertinent Defenses

#### a. Third Affirmative Defense (Ratification)

Defendants' third affirmative defense states that "Plaintiff ratified the conduct and actions of the Defendants." The doctrine of ratification is a contract principle. *See generally* Cal. Civ. Code § 1588 (contract voidable for want of consent may be ratified by a subsequent consent). Here, there is no indication in the pleadings that there was a contractual relationship between Plaintiff and Defendants. Rather, the gravamen of Plaintiff's complaint is that there was no contractual relationship between the parties. Therefore, this affirmative defense appears wholly irrelevant and immaterial and will be STRICKEN.

#### b. Fourth Affirmative Defense (Plaintiff's Negligence), Sixth Affirmative Defense (Negligence of Others), Ninth Affirmative Defense (Plaintiff's Negligence), and Twelfth Affirmative Defense (Intentional Acts by Plaintiff)

The defenses regarding negligence on the part of Plaintiff and others are applicable in actions involving negligence, contract, and copyright infringement – none of which is alleged here. Moreover, none of these affirmative defenses provides any notice to Plaintiff how it was negligent or how others were negligent. These defenses appear both immaterial and insufficiently pled, providing no details and only legal conclusions. These affirmative defenses are STRICKEN.

**5. Sanctions**

Plaintiff seeks sanctions against Defendants for the "unmeritorious filing of wholly inappropriate, immaterial and impertinent affirmative defenses." (Doc. 9, 13:23-25.) The Court may impose sanctions against anyone "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

At this stage, the Court declines to impose sanctions. The pleading stage is designed to place parties on notice of the issues and focus the dispute. While Defendants' filings may contain irrelevant defenses, they were not vexatious and do not warrant the imposition of sanctions. Any future amended answer, however, should contain more specific facts and defenses focused toward this litigation rather than boilerplate defenses.

**C. Conclusion**

For all of the reasons set forth above, Plaintiff's Motion to Strike affirmative defenses in Defendants' answers is GRANTED. However, as Plaintiff has not asserted that it would suffer any prejudice resulting from granting Defendants leave to amend, leave to amend is to be freely granted. *Wyshak*, 607 F.2d at 826-27.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Strike is GRANTED;

2. Plaintiff's Request for Sanctions is DENIED; and

3. Defendants are granted 30 days to file an amended answer.

IT IS SO ORDERED.

**Dated:** **December 13, 2010** /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE